JOHN C. RISEBOROUGH, ISBA #7898
JEREMY M. ZENER, ISBA #10479
**PAINE HAMBLEN LLP**
717 W. Sprague Ave., Suite 1200
Spokane, WA 99201-3505
Telephone: (509) 455-6000
Facsimile: (509) 838-0007
jcr@painehamblen.com
jeremy.zener@painehamblen.com

Attorneys for Plaintiff
American Family Mutual Insurance Company

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| AMERICAN FAMILY MUTUAL INSURANCE COMPANY, a Wisconsin corporation,<br><br>Plaintiff,<br><br>vs.<br><br>PATRICK JAMES NUXOLL, an individual, RONALD H. CRAMER and GLENN CRAMER,<br><br>Defendants. | Case No. 18-560<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT** |

COMES NOW Plaintiff, AMERICAN FAMILY MUTUAL INSURANCE COMPANY ("American Family"), by and through its attorneys, Paine Hamblen, LLP, and John C. Riseborough and Jeremy M. Zener, and for its Complaint for Declaratory Judgment against the Defendants, pleads and alleges as follows:

COMPLAINT FOR DECLARATORY JUDGMENT - 1

## I. PARTIES AND JURISDICTION

1. At all times relevant hereto, American Family was and now is a corporation organized and existing under the laws of the State of Wisconsin and was and now is licensed and authorized to transact the business of insurance in the State of Idaho.

2. At all times relevant hereto Defendant Patrick James Nuxoll ("Nuxoll") was a resident of Lewiston, State of Idaho, Nez Perce County.

3. At all times relevant hereto, Defendant Ronald H. Cramer ("R. Cramer") was a resident of Lewiston, State of Idaho, Nez Perce County.

4. At all times relevant hereto, Defendant Glenn Cramer ("G. Cramer") was a resident of Lewiston, State of Idaho, Nez Perce County.

5. This action for Declaratory Judgment is one in which the United States District Court is given original jurisdiction by reason of diversity of citizenship and the requisite amount in controversy exceeds $75,000 pursuant to Title 28, U.S.C. §1332.

## II. FACTS

6. Plaintiff issued a Homeowners Policy ("Policy"), including endorsements, to Nuxoll, policy number 11-D49343-01, for the policy period 05-05-

2015 through 03-11-2016.[1] The Policy provided certain coverages for Nuxoll's dwelling and property located at 927 Linden Avenue, Lewiston, Idaho 83501 as well as personal liability coverages, subject to all the terms, conditions, provisions, and exclusions of said Policy. The policy limit for personal liability coverage is $500,000.00.

7.  On or about May 21, 2015, David W. Cramer ("D. Cramer") died while present at Nuxoll's residence described above. The death was caused by multiple stab wounds. Nuxoll initially reported that D. Cramer had committed suicide.

8.  Investigation by the Lewiston Police Department led to the conclusion that D. Cramer had been assaulted and killed by Nuxoll and Nuxoll was ultimately charged with Murder in the First Degree for D. Cramer's death.

9.  On October 16, 2015, R. Cramer filed a Complaint for Wrongful Death against Nuxoll claiming to be an heir of D. Cramer, while alleging the existence of another heir, G. Cramer, D. Cramer's brother ("the Complaint"). The Complaint alleges two causes of action: (1) that D. Cramer's death was caused by the intentionally harmful and malicious actions of Nuxoll and the intentional act of repeatedly stabbing D. Cramer with a large knife; and (2) the wrongful death was caused because Nuxoll "failed to use ordinary care when he became highly

---

[1] A true and complete copy of the Policy is attached hereto as "**Exhibit A.**"

intoxicated and brutally stabbed and cut D. Cramer multiple times." This count was labeled "Negligence Acts," but did not describe an accident.[2]

10. On May 25, 2016, the Court stayed the R. Cramer action pending resolution of the criminal charges against Patrick Nuxoll.

11. The Complaint by R. Cramer was tendered to American Family for indemnity coverage, and for a defense. After reviewing that Complaint, American Family determined that there was not likely coverage under Nuxoll's Policy with American Family and, on February 18, 2016, sent Nuxoll, via certified mail, return receipt requested, and first class mail, a reservation of rights letter setting forth its opinion that there was likely no coverage for the allegations of the Complaint. American Family did agree, however, to provide a defense for Nuxoll under a full reservation of rights, retaining defense counsel for Nuxoll to provide that defense.

12. On February 10, 2017, G. Cramer, surviving brother of D. Cramer, filed a Complaint for Wrongful Death against Patrick James Nuxoll in the District Court of the Second Judicial District of the State of Idaho in and for the County of Nez Perce under cause number CV 17-00304. The allegations of that Complaint are essentially the same as that of the Complaint filed by R. Cramer.[3] The defense

---

[2] A copy of the R. Cramer Complaint is attached hereto as **"Exhibit B."**
[3] A copy of the G. Cramer Complaint is attached hereto as **"Exhibit C."**

COMPLAINT FOR DECLARATORY JUDGMENT - 4

counsel previously appointed for Nuxoll by Plaintiff American Family likewise undertook the defense of Nuxoll in the G. Cramer action.

13.     On March 23, 2017 both of the Cramer actions were consolidated. Proceedings in the G. Cramer action likewise were held in abeyance awaiting the results of the Nuxoll criminal trial.

14.     On October 31, 2018, the charges of First Degree Murder against Nuxoll were submitted to a jury in the District Court for the Second Judicial District for the State of Idaho, in and for the County of Nez Perce. The jury returned a verdict of guilty on the charge of First Degree Murder.

15.     On December 5, 2018, Plaintiff American Family sent Nuxoll, through his personal counsel Richard Cuddihy, a second reservation of rights letter reasserting its concern for the lack of coverage pursuant to cited policy provisions. Having received no response from Nuxoll or his personal counsel, Plaintiff American Family sent another reservation of rights letter to Nuxoll through the counsel defending him in the Cramer lawsuits, again fully reserving its rights and advising of its intention to file a declaratory judgment action in order to establish the rights and obligations of American Family and Nuxoll under the terms of the Homeowner's Policy, as well as any interests of Cramers in said policy.

## III. THE AMERICAN FAMILY POLICY

16.  Plaintiff American Family issued an Idaho Homeowner's Policy, No. 11-D49343-01 to Nuxoll for the policy period 05-05-15 – 03-11-16. The applicable coverage is found at Section 2 of said Policy, **Liability Coverages**.

17.  Coverage D – Personal Liability Coverage of the Policy provides as follows:

> **We** will pay, up to **our** limit, compensatory damages for which any insured is legally liable because of **bodily injury** or **property damage** caused by an **occurrence** covered by this Policy.

18.  Coverage D also provides a defense benefit as follows:

> If a suit is brought against any insured for damages because of **bodily injury** or **property damage** caused by an **occurrence** to which this Policy applies, **we** will provide a defense at **our** expense by counsel of our choice. **We** will defend any suit or settle any claim for damages payable under this Policy as **we** think proper.

19.  Under the Definitions section of the Policy (page 2, HO-5 (Id) Ed. 6/94), Patrick Nuxoll would be an insured under the Policy and the reference to **you** refers to Patrick Nuxoll. The terms **we** and **our** in the Policy provision refer to Plaintiff, American Family.

20. The Definition section further defines **bodily injury** in relevant part as:

> Bodily harm, sickness or disease. It includes resulting loss of services, required care and death.
>
> **Bodily injury** does not include:
>
> (a) . . .
>
> (b) . . .
>
> (c) Emotional or mental distress, mental anguish, mental injury, or any similar injury unless it arises out of actual bodily harm to the person.

21. The definition of occurrence is:

> An accident, including exposure to conditions, which results during the Policy period, in:
>
> (a) **Bodily injury**, or
>
> (b) **Property damage**.
>
> Continuous or repeated exposure to substantially the same general harmful conditions is considered to be one **occurrence**.

22. There are exclusions applicable to Coverage D – Personal Liability and Coverage E – Medical Expense as modified by the Idaho Amendatory Homeowner's Endorsement:

> Exclusion 1 **Abuse** is deleted and replaced by the following: **Sexual Molestation or Misconduct, Corporal Punishment, Physical or Mental Abuse**.
>
> We will not cover **bodily injury** or **property damage** arising out of or resulting from

      sexual molestation or misconduct, corporal punishment, physical or mental abuse.

    a. This includes any actual or alleged:

      (1) . . .

      (2) Corporal punishment; or

      (3) Physical or mental abuse resulting from acts or omissions of any insured.

    b. This exclusion applies regardless of:

      (1) Intent to cause injury, or

      (2) The theory of relief pursued, asserted or claimed by anyone seeking compensation under this Policy.

Exclusion 10 **Intentional Injury** is deleted and replaced by the following: **Expected or Intended.**

**We** will not cover **bodily injury** or **property damage** arising out of an expected or intended act or omission.

    a. This includes any type of **bodily injury** or **property damage** that an insured:

      (1) Intends; or

      (2) May expect to result from any intentional act or omission.

    b. This exclusion applies even if the **bodily injury** or **property damage** is:

  (1) Of a different kind, quality, or degree than intended;

  (2) To a different person or property than intended;

  (3) The result of a willful and malicious act, no matter at whom the act was directed;

  (4) Unexpected or unforeseen by the person injured or the owner of the property damaged; or

  (5) Sustained regardless of whether an insured:

    (a) Is under the influence of alcohol or any controlled substance;

    (b) Lacks the mental capacity to govern his or her conduct; or

    (c) Is deemed not to have had the mental capacity to form the legal intent to commit the act or omission.

 c. This exclusion applies regardless of the theory of relief pursued, asserted or claimed by anyone seeking compensation under this Policy.

Exclusion 17 (Unamended) **Violation of Law**.

 **We** will not cover **bodily injury** or **property damage** arising out of:

  a. Violation of any criminal law for which any insured is convicted;

  b. . . .

  c. Violation of any criminal law for which any insured is not convicted due to mental incapacity.

23. There is an additional exclusion which is applicable to personal liability alone, as modified by the Idaho Amendatory Homeowner's Endorsement:

  Exclusion 4 **Punitive Damages** is deleted and replaced by the following:

  **Statutorily Imposed, or Court-Ordered Damages**. We will not cover punitive, statutory imposed, or court-ordered damages. This includes any personal liability for:

   a. Punitive exemplary statutorily imposed, multiple or aggravated damages;

   b. Fines, penalties or court-ordered restitution; or

   c. Award or statutorily mandated attorneys' fees related to a. or b. above.

24. The charge of Murder in the First Degree, I.C. §18-4001, 18-4002 and 18-4003 is a felony which requires proof beyond a reasonable doubt that Nuxoll willfully, unlawfully, deliberately, with pre-mediation and with malice aforethought and/or intentional application of torture, kill and murder D. Cramer, a human being, by stabbing and/or cutting D. Cramer with a knife from which he died.

25. An actual and justiciable controversy exists between American Family, R. Cramer and G. Cramer and Nuxoll involving the rights and liabilities of the parties, if any, under the aforementioned Policy, or to policy proceeds which controversy is dependent upon the construction of said Policy, and which controversy may be determined by judgment of this Court without other lawsuits.

## IV. COUNT I

### Declaratory Judgment

26. Plaintiff re-pleads and re-alleges all of the allegations contained in Paragraphs 1 through 25 of this Complaint as though fully set forth herein.

27. There is no coverage under the Idaho Homeowners Policy issued by American Family as there was no occurrence, i.e., Nuxoll's assault and murder of D. Cramer was not an accident.

28. Even if Nuxoll's actions which resulted in the death of D. Cramer could be construed an accident, the Policy's exclusions operate to bar coverage of D. Cramer's damages:

    (a) Nuxoll's actions constituted physical or mental abuse of D. Cramer;

    (b) D. Cramer's bodily injury was either intended by Nuxoll, or is the type of injury which Nuxoll would expect to result from his intentional act

or omission. Such damages are excluded whether or not D. Cramer's injury was a different kind, quality or degree than Nuxoll intended, whether or not Nuxoll was under the influence of alcohol or whether Nuxoll may be deemed not to have had the mental capacity to form the legal intent to commit the act or omission. Such damages were the result of a willful and malicious act by Nuxoll and are excluded.

(c) Punitive, statutory imposed or court-ordered damages would not be recoverable as the same are excluded under the Policy.

(d) Any damages for bodily injury are excluded because Nuxoll has been convicted. Damages are excluded even if, on potential retrial, Nuxoll is not convicted due to mental incapacity.

29. Given that there is no coverage under the Policy for the allegations of the Complaint, there is no obligation under the Policy for Plaintiff American Family to provide a defense at its expense. American Family is thus entitled to withdraw from the defense of the underlying consolidated actions.

30. Additional justifications may exist for a determination that no coverage exists under the Policy for the claims asserted against Nuxoll. Plaintiff reserves the right to amend its Complaint to assert such additional basis for the declaratory relief it seeks herein.

## V. COUNT II

### Attorneys' Fees

31. Plaintiff re-pleads and re-alleges all of the allegations contained in Paragraphs 1 through 30 of this Complaint as though fully set forth herein.

32. Plaintiff has been required to retain the law firm of Paine Hamblen, LLP, to bring this action. Plaintiff is entitled to recover costs and reasonable attorney fees incurred in this matter pursuant to Idaho Code §§ 12-120, 12-121, 12-123, 10-1210, and/or other applicable provisions of Idaho law.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays this Court enter declaratory judgment as follows:

1. Plaintiff, American Family, is under no obligation to defend or indemnify Patrick Nuxoll for the claims set forth in the Cramer Complaint;

2. Plaintiff, American Family, is entitled to withdraw from the defense of Patrick Nuxoll for the allegations of the Cramer Complaint immediately;

3. Defendant Patrick Nuxoll is not entitled to either a defense of the allegations set forth in the Cramer Complaint, or indemnification by American Family in the event Patrick Nuxoll is required to pay, by way of settlement or judgment, any sums to Cramers on account of said Complaints;

4. That this declaratory judgment be advanced on the trial calendar for early hearing and trial.

5. That Plaintiff be awarded its attorney's fees, costs and disbursements incurred in prosecuting this case.

DATED this 19 day of December, 2018.

                **PAINE HAMBLEN LLP**

                By: /s/ John C. Riseborough
                    John C. Riseborough, ISBA #7898
                    Jeremy M. Zener, ISBA #10479
                    Attorneys for Plaintiff

I:\Spodocs\00094\00039\PLEAD\01756191.DOCX